Entered: April 25th, 2024
Signed: April 25th, 2024

**SO ORDERED**

For the reasons stated on the record at the hearing held on April 25, 2024.



MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| GOLDEN KEY GROUP, LLC | * | Case No: 23-10414-MCR |
| | | (Chapter 11) |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

ORDER CONFIRMING DEBTOR'S SECOND
AMENDED 100% PLAN OF REORGANIZATION PURSUANT TO
CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

Golden Key Group, LLC the debtor and debtor in possession herein (the "Debtor"), having filed the Debtor's Second Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated February 26, 2024 [Dkt. # 418] (the "Plan"); and this Court having entered the Order Approving Disclosure Statement, Setting Deadlines Related to Plan Confirmation, and Setting Hearing on Plan Confirmation and Notice Thereof [Dkt. # 432] (the "Hearing Notice Order") setting a hearing on the Plan for April 25 and 26, 2024 (the "Confirmation Hearing"); and having also considered the Certificate of Service [Dkt. # 436] evidencing service of the solicitation materials, the Hearing Notice Order, the Plan, and ballots; the Notice of Stipulation Modifying Debtor's Second Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated February 26, 2024 [Dkt. #455]; and the Amended Tally of Ballots for Confirmation of Plan [Dkt. # 466] certifying the accurate tabulation of ballots cast and received by the Debtor concerning the Plan (the "Tally of Ballots"); and based on the pleadings in this case and the record presented at the Confirmation Hearing; and after due deliberation and sufficient cause appearing, therefore, the Court hereby sets forth the following findings of fact and conclusions of law:

FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

A. <u>Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))</u>. This Court has jurisdiction over the Debtor's Chapter 11 case under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (L) over which this Court has exclusive jurisdiction.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of this Chapter 11 case, maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during this Chapter 11 case.

C. <u>Mediation with the Committee</u>. The Plan is the result of mediation between the Debtor and the official Committee of Unsecured Creditors (the "Committee") regarding the Debtor's Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated December 27, 2024 [Dkt. # 348] and the Committee's Second Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Dkt. # 408] (the "Committee Plan"). Pursuant to the settlement reached between the Debtor and the Committee, the Committee Plan was withdrawn [Dkt. # 467] and the Committee has supported confirmation of the Plan.

D. <u>Solicitation Materials</u>. The solicitation materials, including notice of the Confirmation Hearing and deadlines related thereto, were transmitted and served in compliance with the Bankruptcy Code (the "Code"),[2] the Bankruptcy Rules (the "Rules"),[3] the Local Rules of this Court, and the Hearing Notice Order. The transmittal and service of the solicitation materials to and solicitation of votes from the holders of Claims in all classes was adequate under the circumstances of this case. All parties required to be given notice of the Confirmation Hearing (including notice of the deadlines for filing and serving objections to confirmation and

---

[1] Pursuant to Fed.R.Bankr.P. 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.
[2] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as currently in effect.
[3] Unless otherwise noted, all references to the "Rules" are to the Federal Rules of Bankruptcy Procedure, as currently in effect.

voting) have been given due, proper, timely, and adequate notice in accordance with the Code, Rules, Local Rules of this Court, and the requisite Court Orders.

E. <u>Tally of Ballots [Dkt. # 466]</u>. All procedures used to tabulate the ballots, as reflected in the Tally of Ballots, were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. As evidenced by the Tally of Ballots, holders of Claims in Classes 2, 3, 4, and 5, and holders of Interests in Class 7 voted to accept the Plan.

F. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Code including §§ 1122, 1123, 1124, and 1126. In addition, as required by Rule 3016, the Plan is dated and identifies the plan proponent who filed it. Accordingly, the Plan satisfies § 1129(a)(1), which requires compliance with the applicable provisions of the Code.

G. <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Plan proponents have complied with all applicable provisions of the Code, as required by § 1129(a)(2), including § 1125 and Rules 3017 and 3018. The procedures by which the ballots for acceptance or rejection of the Plan were solicited and tabulated were fair, properly conducted, and in accordance with § 1126, Rules 3017 and 3018, and the Hearing Notice Order. Votes with respect to the Plan were solicited in good faith and in a manner consistent with the Code, the Rules, and the Hearing Notice Order. The Debtor and the Committee, and their respective agents and professionals (as applicable), acting in such capacity, have acted in "good faith," within the meaning of § 1125(e).

H. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan proponent has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Plan is the product of arm's-length negotiation between the Debtor, the Committee and the Debtor's creditors. The Debtor filed this Chapter 11 case and proposed the Plan with legitimate and honest purposes, to maximize the value of the Debtor's estate for the benefit of its creditors.

I. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. All payments made or to be made by the Debtor for services or costs and expenses in or in

connection with this case, or in connection with the Plan and incident to the case are subject to the approval of the Court, thereby satisfying § 1129(a)(4).

J.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtor has complied with § 1129(a)(5).  The Plan has disclosed that, upon the Effective Date, the Reorganized Debtor shall be controlled and managed by the current management and Gretchen McCracken as the sole owner, consistent with the Reorganized Debtor's Business Documents.

K.     No Rate Changes (11 U.S.C. § 1129(a)(6)).  No governmental regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Reorganized Debtor, thus § 1129(a)(6) is not applicable.

L.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan satisfies § 1129(a)(7).  The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that holders of Claims in Impaired Classes have accepted the Plan or will receive or retain under the Plan, on account of such Claims, property of a value, as of the Effective Date, that is not less than the amount that such holders would receive or retain if the Debtor were liquidated under Chapter 7.

M.     Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).  Class 1 is unimpaired under the Plan, satisfying § 1129(a)(8) with respect to Class 1.  As evidenced by the Tally of Ballots, holders of Claims in Classes 2, 3, 4, and 5, and holders of Interests in Class 7 voted to accept the Plan, satisfying § 1129(a)(8) with respect to Classes 2, 3, 4, 5 and 7.  Class 6 is impaired and voted to reject the Plan, as outlined in the Tally of Ballots.  While § 1129(a)(8) has not been met with respect to Class 6, the Debtor has met the requirements of § 1129(b) allowing confirmation notwithstanding § 1129(a)(8).

N.     Treatment of Allowed Administrative Expense Claims, Priority Tax Claims, and Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of all Allowed Administrative Expense Claims, Allowed Priority Tax Claims, and Allowed Priority Claims pursuant to Article 2 of the Plan satisfies the requirements of §§ 1129(a)(9)(A), (B) and (C).

O.     Acceptance by Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).  Classes 2, 3, 4, and 5 are Impaired Classes of Claims that voted to accept the Plan with respect to the Debtor.  To the Debtor's knowledge, the votes cast in Classes 2, 3, 4, and 5 in support of the Plan were not cast by insiders.  The requirement of § 1129(a)(10) that at least one Class of

Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied.

   P.  <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Debtor has established, with credible evidence, that the Plan is feasible and thus satisfies the requirements of § 1129(a)(11).

   Q.  <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees payable under 28 U.S.C. § 1930, as determined by the Court, have been paid or will be paid on the Effective Date, thereby satisfying the requirements of § 1129(a)(12).

   R.  <u>Remaining Provisions of § 1129(a) (11 U.S.C. §§ 1129(a)(13), (14), (15) and (16))</u>.  Sections 1129(a)(13), (14), (15), and (16) do not apply to the Plan.

   S.  <u>No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. § 1129(b))</u>.  Pursuant to § 1129(b)(1), the Plan is confirmable because the Plan does not discriminate unfairly as to any Classes and is fair and equitable within the meaning of §§ 1129(b)(2).

DECREES

   NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

   1.  <u>Confirmation of the Plan</u>.  Pursuant to § 1129, the Plan and each of its provisions (whether or not specifically approved herein) is hereby CONFIRMED.

   2.  <u>Section 1146 Exemption</u>.  To the fullest extent permitted under § 1146(a), the issuance, transfer, or exchange of any security under the Plan, or the execution, delivery, or recording of an instrument of transfer under the Plan, or the revesting, transfer, or sale of any real or other property of the Debtor shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

   3.  <u>Plan Modification Regarding Membership Interests</u>.  As reflected in the Notice of Stipulation Modifying Debtor's Second Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated February 26, 2024 [Dkt. #455] and to  facilitate the Debtor's tax filings in the most economic manner, minority membership interests of the Debtor's members Bruce M. Tarpinian and Valerie H. Langstaff are extinguished effective as of December 31, 2023.  Effective as of January 1, 2024, Gretchen L.

McCracken is the sole member of the Debtor and 100% owner of the membership interests in the Debtor.

4. **No Further Notice Required on Plan Modifications**. Based upon the evidence proffered or adduced at the Confirmation Hearing, any modifications herein to the Plan, including in paragraph 3 above, are not material changes to the Plan and are not adverse to any creditors or interest-holders. No other or further notice of or hearing on the Plan modifications is required.

5. **Retention of Jurisdiction**. Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and the occurrence of the Effective Date, pursuant to Article 11 of the Debtor's Plan, this Court shall retain such exclusive jurisdiction over this case and any matter related to this case after the Effective Date as is legally permissible, including exclusive jurisdiction for, among other things, the following purposes until such time as the Debtor's and Reorganized Debtor's obligations, respectively, under the Debtor's Plan are fully discharged:

(a) To hear and determine any motions for the assumption or rejection of any executory contracts or unexpired leases, and the allowance of any Claims resulting therefrom;

(b) To determine any and all pending adversary proceedings, applications and contested matters;

(c) To hear and determine any objection to any Claims;

(d) To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated Claim;

(e) To adjudicate all Claims to any lien on any of the Debtor's assets or any proceeds thereof;

(f) To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated, and/or if the Effective Date never occurs;

(g) To issue such orders in aid of execution of the Debtor's Plan or this Confirmation Order to the extent authorized by § 1142 of the Bankruptcy Code;

(h) To consider any modifications of the Debtor's Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(i) To hear and determine all applications for compensation and reimbursement of expenses of Professionals under §§ 330, 331 and 503(b) of the Bankruptcy Code, including any disputes concerning the compensation payable to the Plan Administrator;

(j) To enforce and interpret the Debtor's Plan and to hear and determine any dispute or any other matter arising out of or related to the Debtor's Plan or the Confirmation Order;

(k) To recover all assets of the Debtor and Property of the Estate, wherever located;

(l) To hear and determine matters concerning state, local and federal taxes in accordance with §§ 346, 505 and 1146 of the Bankruptcy Code, including but not necessarily limited to the Debtor's Motion for (I) Determination of ERTC Refund Claims Pursuant to 11 U.S.C. § 505(a) and (II) Turnover of ERTC Refund Pursuant to 11 U.S.C. § 542(b) [Dkt. #458];

(m) To enforce and interpret the discharge of Claims effected by the Debtor's Plan or the Confirmation Order and to enter and implement such orders as may be appropriate with regard thereto;

(n) To hear any other matter consistent with the provisions of the Bankruptcy Code;

(o) To hear and determine such other issues as the Court deems necessary and reasonable to carry out the intent and purposes of the Debtor's Plan and Confirmation Order including, but not limited to, any defaults in the performance of the Plan and any Plan modifications allowable under applicable law;

(p) To determine any and all objections to cure amounts required pursuant to Article 7 of the Plan;

(q) To hear and decide all disputes concerning any Notice of Default, Waiver Challenge, or Default Challenge, or any other disputes regarding an Event of Default;

(r) To order any necessary or appropriate relief following an Event of Default by the Reorganized Debtor, including, but not limited to, ordering the sale of the Reorganized Debtor or the New Equity Interests pursuant to § 363 of the Bankruptcy Code; and

(s) To enter a final decree closing the Bankruptcy Case.

To the extent that it is not legally permissible for this Court to have exclusive jurisdiction over any of the matters described in Article 11 of the Debtor's Plan, this Court shall have nonexclusive jurisdiction over such matters to the extent legally permissible.

6. <u>Conflicts</u>.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern unless specifically set forth herein.  This Confirmation Order shall supersede any orders of the Court issued before the Confirmation Date that may be inconsistent herewith unless specifically set forth herein.

7. <u>Effectiveness of Plan Provisions</u>.  The failure to specifically describe, include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

8. <u>Appointment of Plan Administrator</u>.  The Court hereby appoints Angela Shortall to serve as the Plan Administrator under Section 5.4 of the Plan, effective upon the entry of this Confirmation Order.  The Plan Administrator shall have the power and duty to take the following actions under the Plan: (1) taking possession of the Non-Recourse Guaranty and Pledge of the equity ownership interest of Gretchen L. McCracken as the sole member of the Reorganized Debtor as security for the Debtor's obligations under the Plan; (2) receiving and analyzing the Quarterly Distribution Reports from the Reorganized Debtor, to confirm that the Reorganized Debtor is in compliance with the terms of the Plan; (3); taking any action that the Plan Administrator deems appropriate and necessary following the occurrence of an Event of Default (and expiration of any applicable Cure Right), including working with the Debtor to determine the cause of the Event of Default, and if the Event of Default is due to such events such as (a) timing of cash receipts, (b) temporary investments in new business activities, or (c) other reasonable business judgments, a Waiver may be granted by the Plan Administrator, in her reasonable business judgment; (4) approving the Reorganized Debtor's borrowings in excess of $1,000,000 (except for financing through AR Funding or the Reorganized Debtor's line of credit with M&T Bank, which shall be done in the sole discretion of the Management Team) in her reasonable business judgment, which approval shall only be required if the Reorganized Debtor is not in compliance with the terms of the Plan and such approval shall not be unreasonably

withheld; (5) approving any tax distributions to the Gretchen L. McCracken as the sole member of the Reorganized Debtor and to prior Holders of the Debtor's equity interests in her reasonable business judgment and such approval shall not be unreasonably withheld; (6) approving any adjustments in the terms of compensation for the Management Team in excess of 10% per year in her reasonable business judgment, which approval shall only be required if the Reorganized Debtor is not in compliance with the terms of the Plan and such approval shall not be unreasonably withheld; (7) approving any bonuses for the Management Team in her reasonable business judgment, which approval shall only be required if the Reorganized Debtor is not in compliance with the terms of the Plan and such approval shall not be unreasonably withheld; (8) approving any transaction or sale of substantially all of the Reorganized Debtor's assets in her reasonable business judgment and such approval shall not be unreasonably withheld; (9) approving an extension of the Plan Term by up to six (6) months in her reasonable business judgment and such approval shall not be unreasonably withheld; and (10) such other rights and remedies as may be available to the Plan Administrator as set forth in the Plan, or in the Confirmation Order.

9. If there is an uncured Event of Default under the Plan, the Plan Administrator shall have the right to retain the services of attorneys, accountants, and other professionals that, in the reasonable discretion of the Plan Administrator, are necessary to assist the Plan Administrator in the performance of her duties. The Reorganized Debtor shall pay the reasonable fees and expenses of such professionals upon the monthly submission of statements. The payment of the reasonable fees and expenses of the Plan Administrator's retained professionals shall be made in the ordinary course of business of the Reorganized Debtor and shall not be subject to the approval of the Court. The Plan Administrator's terms of compensation are that her time and expense incurred for services rendered as Plan administrator shall be invoiced monthly to the Reorganized Debtor at an hourly rate of $525.00, plus expenses. The Plan Administrator's hourly rate may be subject to reasonable annual adjustment. Plan Administrator compensation shall be paid in the ordinary course of business of the Reorganized Debtor and shall not be subject to the approval of the Court, unless a dispute arises concerning same.

10. <u>Facilitation of Plan Performance</u>.  In an effort to facilitate performance of the Plan in the best interests of creditors, the Plan Administrator and the Reorganized Debtor may, by consensual and mutual agreement, among other things, determine that the Plan Administrator should receive and analyze reports from the Reorganized Debtor on a monthly basis, and review any other matters that the Reorganized Debtor deems are desirable to aid in the administration of the Plan.

11. <u>Remedy of Defects or Omissions</u>.  After the Confirmation Date or in this Confirmation Order, the Reorganized Debtor, with the approval of the Court, and subject to the provisions of Section 1127 of the Bankruptcy Code, may remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such a manner as may be necessary to carry out the purposes and effect of the Plan.

12. <u>Revocation</u>.  Unless and until substantial consummation of the Plan has occurred, the Debtor shall have the right to revoke the Plan and to seek entry of an order vacating the Confirmation Order.  Upon revocation of the Plan by the Debtor, the Plan shall be null and void in all respects.

13. <u>Plan Consummation</u>.  The Debtor is authorized to consummate the Plan at any time after entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the Effective Date set forth in the Plan.

14. <u>Substantial Consummation</u>.  The Plan shall be deemed to be substantially consummated under Sections 1101 and 1127 of the Bankruptcy Code upon the later of the following: 1) the date on which the Reorganized Debtor receives its Employee Retention Tax Credit; and 2) the full and final satisfaction of all cure payments due and owing on Allowed Claims in Class 3 of the Plan.

15. <u>Causes of Action, Tax Refunds and/or Tax Credits</u>.  In accordance with § 1123(b)(3), and except as otherwise provided in the Plan, the Reorganized Debtor shall retain all Causes of Action, including, but not limited to, Avoidance Actions and all of its legal rights with respect to the Debtor's Request(s) for Equitable Adjustment on contracts with the Department of Commerce and other governmental entities, and claims for the Debtor's Employee Retention Tax Credit.  On the Effective Date, the foregoing shall become assets of the Reorganized Debtor.

16. <u>Impact on the United States</u>.  As to the United States, nothing in the Plan, this Confirmation Order, any Plan Supplement, or any implementing Plan Documents, notwithstanding any provision to the contrary contained therein, shall: (a) enjoin or affect any Governmental Unit's setoff rights under federal law, as recognized in section 553 of the Bankruptcy Code, and/or recoupment rights, and such rights shall be preserved and are unaffected; (b) be construed as a compromise or settlement of any liability, claim, cause of action, or interest of the United States, including any request for equitable adjustments; or (c) be deemed a waiver or release of any liability, claim, cause of action, or interest of the United States.

17. <u>General Injunction</u>.  Pursuant to §§ 105, 524, 1123, 1129 and 1141, in order to preserve and implement the various transactions contemplated by and provided for herein, as of the Confirmation Date, except as otherwise expressly provided herein or in the Confirmation Order, all Persons that have held, currently hold or may hold a Claim, Debt, Lien, Judgment, Arbitration Award or Liability that is discharged or terminated pursuant to the terms of the Plan are and shall be permanently enjoined and forever barred from taking any of the following actions on account of any such discharged or terminated Claims, Debts, Liens, judgments, arbitration award or Liabilities, other than actions brought to enforce any rights or obligations under the Plan or the Plan Documents:

1. commencing or continuing in any manner, directly or indirectly, any action or other proceeding (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against the Debtor, the Reorganized Debtor, the Estate, and any of their respective successors and assigns, and the assets and Property of any of them;

2. enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, arbitration award or order against the Debtor, the Reorganized Debtor, the Estate, and any of their respective successors and assigns, and the assets and Property of any of them;

3. creating, perfecting, or enforcing any Lien or encumbrance against the Debtor, the Reorganized Debtor, the Estate, and any of their respective successors and assigns, and the assets and Property of any of them;

4. asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor, the Reorganized Debtor, the Estate, and any of their respective successors and assigns, and the assets and Property of any of them;

     5.     commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order; or

     6.     interfering with or in any manner whatsoever disturbing the rights and remedies the Debtor, the Reorganized Debtor, the Estate, and any of their respective successors and assigns, and the assets and Property of any of them, under the Plan and the Plan Documents and the other documents executed in connection therewith.

The Debtor and the Reorganized Debtor shall have the right to independently seek enforcement of this general injunction provision. This general injunction provision is an integral part of the Plan and is essential to its implementation.

     18.     <u>Release and Exculpations Relating to the Chapter 11 Case</u>.  Neither the Reorganized Debtor, the Committee, or any of their respective Affiliates, directors, officers, employees, members (to the extent that the Committee members support and vote in favor of the Plan)[4], attorneys, attorneys of the members, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any Person or Entity for any act taken or omitted to be taken in connection with or arising out of the commencement of the Chapter 11 Case, the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan, any other plan of reorganization or any compromises or settlements contained herein, any disclosure statement related thereto or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the transactions set forth in the Plan or in connection with any other proposed plan (provided, however, that the foregoing provisions shall not affect the liability that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct) unless such person obtains the prior approval of the Bankruptcy Court to bring such a claim.  Each of the foregoing parties in all respects shall have been and shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities during the Chapter 11 Case and under the Plan.  The rights granted under this paragraph are cumulative with (and not restrictive of) any and all rights, remedies, and benefits that the Exculpated Parties may have or obtain pursuant to any provision of the Bankruptcy Code or other applicable law.  Nothing in this Section or elsewhere in the Plan

---

[4] The provisions in paragraph 18 do not apply to creditor Communication Technologies, Inc. ("COMTek") as COMTek did not vote in favor of the Plan.

shall release, discharge, or exculpate any non-Debtor party from (a) any claim owed to the United States government or its agencies, including any liability arising under the Internal Revenue Code or criminal laws of the United States, or (b) any claim of any Claimant except as expressly set forth herein.  Unless otherwise preserved, upon Confirmation of the Plan, the Debtor, and Gretchen McCracken due to her contribution to the Reorganized Debtor as described in the Plan, shall be released from any Claims that any Creditor could or may have asserted in this case.  This exculpation from liability provision is an integral part of the Plan and is essential to its implementation.

19. <u>Notice of Confirmation</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), within ten (10) days after entry of the Confirmation Order, the Debtor shall give notice of the entry of this Confirmation Order by serving a copy of this Confirmation Order by first class mail, postage prepaid, to all creditors, the United States Trustee and other parties in interest at their last known address of record.  The notice described herein is adequate under the particular circumstances of the Chapter 11 Case and no other or further notice is necessary.

20. <u>Notice of Occurrence of Effective Date</u>.  Within ten (10) days after the Effective Date, the Debtor shall give notice of the Effective Date by serving a copy of a Notice of Effective Date by first class mail, postage prepaid, to all creditors, the United States Trustee and other parties in interest at their last known address of record.  The notice described herein is adequate under the particular circumstances of the Chapter 11 Case and no other or further notice is necessary.

21. <u>No Stay of Confirmation Order</u>.  Pursuant to Bankruptcy Rule 3020(e), this Confirmation Order shall not be stayed and shall be effective upon entry on the docket of this Court.

cc:   Paul Sweeney, Esquire
      YVS Law, LLC
      11825 West Market Place, 2nd Floor
      Fulton, Maryland  20759

      All creditors and counsel of record

**END OF ORDER**