IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| GOLDEN KEY GROUP, LLC | * | Case No: 23-10414-MCR |
| | | (Chapter 11) |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR APPROVAL OF SETTLEMENT WITH THE UNITED STATES

Golden Key Group, LLC (the "Reorganized Debtor" or "Golden Key"), by counsel, pursuant to 11 U.S.C. § 105(a) (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), files this Motion for Approval of Settlement with the United States (the "Motion"), and in support thereof states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are § 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a).

### Background

4. On January 20, 2023 (the "Petition Date"), Golden Key filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On February 26, 2024, Golden Key filed its Second Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated February 26, 2024 [Dkt. # 418] (the "Plan").

6. The Plan provides in part that "the Reorganized debtor shall retain all Causes of Action" and "[t]he Reorganized Debtor may prosecute, defend, enforce, abandon, settle or release any or all Claims and Causes of Action as it deems appropriated without the need to obtain approval or any other or further relief from the Bankruptcy Court." (Plan § 5.2.2.).

7. At the time of the filing of the Plan, Golden Key was asserting entitlement to a federal tax credit refund on account of the employee retention tax credit of only

approximately $4.5 million. (Plan § 5.2.3). The Plan also allows for the Reorganized Debtor to "make a distribution to equity members to address the tax ramifications of the ERTC as the Debtor is a pass-through disregarded entity that does not pay federal or state income taxes." (Plan § 5.2.3). This Plan provision would potentially reduce the amount available to creditors and necessitate additional tax filings with the cost and expense related thereto.

8.      On April 25, 2024, the Court entered the Order Confirming Debtor's Second Amended 100% Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code Dated February 26, 2024 [Dkt. # 473] (the "Confirmation Order").

9.      Pursuant to the Confirmation Order, Angela Shortall was appointed to serve as the Plan Administrator under Section 5.4 of the Plan. The Plan Administrator's powers and duties under the Plan include, but are not limited to, (a) receiving and analyzing the Quarterly Distribution Reports from the Reorganized Debtor to confirm that the Reorganized Debtor is in compliance with the terms of the Plan; (b) taking any action that the Plan Administrator deems appropriate and necessary following the occurrence of an Event of Default; (c) approving the Reorganized Debtor's borrowings in excess of $1,000,000; (d) approving any tax distributions to the Gretchen L. McCracken as the sole member of the Reorganized Debtor and to prior Holders of the Debtor's equity interests; (e) approving any transaction or sale of substantially all of the Reorganized Debtor's assets; (f) approving an extension of the Plan Term by up to six (6) months; and (g) such other rights and remedies as may be available to the Plan Administrator as set forth in the Plan or in the Confirmation Order.

10.      On April 12, 2024, the Reorganized Debtor filed its Motion for (I) Determination of ERTC Refund Claims Pursuant to 11 U.S.C. § 505(a) and (II) Turnover of ERTC Refund Pursuant to 11 U.S.C. § 542(b) [Dkt. # 458] (the "First ERTC Motion") seeking approximately $4,571,565.26 in refunds from the United States of America (the "United States", and together with the Reorganized Debtor, the "Parties") relating to the first and third quarters of 2021. On May 13, 2024, the United States filed its Opposition [Dkt. # 486] to the First ERTC Motion. As of the filing of this Motion, the First ERTC Motion remains pending before the Court.

11.      On February 19, 2025, the Reorganized Debtor filed its Motion for (I) Determination of ERTC Refund Claims Pursuant to 11 U.S.C. § 505(a) for the Second

Quarter of 2021 and (II) Turnover of ERTC Refund Pursuant to 11 U.S.C. § 542(b) [Dkt. # 551] (the "Second ERTC Motion", and together with the First ERTC Motion, the "ERTC Motions") seeking approximately $2,168,443.50 in refund from the United States relating to the second quarter of 2021.  On March 5, 2025, the United States filed its Opposition [Dkt. # 553] to the Second ERTC Motion.  As of the filing of this Motion, the Second ERTC Motion remains pending before the Court.

12.    On February 28, 2025, the Reorganized Debtor filed its Motion for Summary Judgment on ERTC Refund Claims [Dkt. # 552] (the "Summary Judgment Motion"). The Summary Judgment Motion sought a total refund of $6,739,988.76 plus statutory interest and attorneys' fees.  As of the filing of this Motion, the Summary Judgment Motion remains pending before the Court.

13.    On March 25, 2025, the Court held a status conference pursuant to the Consent Order Granting Joint Motion to Extend Deadlines for Filings and Responses, Convert March 25, 2025 Hearing on ERTC Refund Motion to Status Hearing and Amend Scheduling Order for the Purposes of Proceeding with Settlement [Dkt. # 557].  The Court noted on its Proceeding Memo [Dkt. # 558] that "The Debtor will file a motion to approve the settlement and provide notice to all parties in interest.  If an objection is filed, the Court may hold a status conference on the settlement motion on the same date as the status conference on the pending motions."  **A further status conference has been scheduled for April 22, 2025 on the ERTC Motions.**

Settlement

14.    After engaging in settlement discussions, the Reorganized Debtor has agreed to and counsel of record for the United States has agreed to recommend the following relevant settlement terms (the "Settlement"), which are included in the Proposed Settlement Agreement in the United States' Offer Acknowledgement Letter (the "Settlement Agreement"), a true and accurate copy of which is attached hereto as **Exhibit 1** and is incorporated herein by reference:

1. **ERTC Allowance**.  The United States will allow approximately 80% of Golden Key's claim for the Employee Retention Credit ("ERTC") for the first, second, and third

quarters of 2021.  This allowed ERTC will be in the following amounts (the "Allowed ERTC Amounts"):

i. **First Quarter**:  Golden Key will be allowed an ERTC of $1,769,324.23 for the first quarter of 2021.

ii. **Second Quarter**:  Golden Key will be allowed an ERTC of $1,729,146.81 for the second quarter of 2021.

iii. **Third Quarter**:  Golden Key will be allowed an ERTC of $1,876,727.98 for the third quarter of 2021.

The United States will credit Golden Key with overpayments of federal employment tax for the Allowed ERTC Amounts, plus statutory interest on the Allowed ERTC Amounts pursuant to 26 U.S.C. § 6621.  The Allowed ERTC Amounts will not be considered income in the year received for federal tax purposes.  Any interest paid on the Allowed ERTC Amounts pursuant to 26 U.S.C. § 6621 will be considered income in the year received for federal tax purposes.  Under 26 U.S.C. § 6402, any overpayments and statutory interest resulting from the proposed settlement may be credited against certain outstanding liabilities of the taxpayer, if any.

Upon acceptance of this settlement offer by the United States, the Tax Division will promptly request that the IRS issue any refund related to the Allowed ERTC Amounts, and will take efforts to encourage prompt payment of the refund.

2. **No Amended Income Tax Returns Required**.  Golden Key will not be required to file an amended Form 1120-S, U.S. Income Tax Return for an S Corporation, for the 2021 tax year reducing the amount of its wage expenses by the Allowed ERTC Amounts.  Similarly, Golden Key's shareholders in 2021 (Gretchen McCracken, Valerie Langstaff, and Bruce Tarpinian – collectively "Shareholders") are not required to file amended Forms 1040, U.S. Individual Income Tax Return, to reflect tax consequences flowing from the Allowed ERTC Amounts.

Similarly, the United States will not seek to collect any additional income taxes from Golden Key or its Shareholders flowing from the Allowed ERTC Amounts.  If Golden Key or any of its Shareholders file an amended return for 2021 reflecting adjustments other than the ERTC, the United States is not foreclosed from examining those other adjustments, making assessments, and collecting any unpaid liabilities. Golden Key will not seek any additional amount in an ERTC for the first, second, and third quarters of 2021.

3. **Court Approval**.  This settlement is contingent upon entry of such an Order by the U.S. Bankruptcy Court.

4. **Legal Fees and Costs**.  The parties agree to bear their own costs and attorney's fees in this action.

The Allowed ERTC Amounts reflect a compromise with the United States that pays approximately 80% of the amounts sought by the Reorganized Debtor.[1]  In particular, item 2 of the Settlement was analyzed by the Reorganized Debtor and its professionals in considering the acceptance of 80% as a settlement because it not only saved the Reorganized Debtor the cost of preparation, filing and payment, but also eliminated the need to pay any distribution from the Settlement to equity owners as those shareholders' obligations to file amended returns and pay income tax were also waived by the United States.  This was a significant and valuable concession.

15.     Because of the large dollar amounts at issue here, the Settlement must go through a three-level approval process with the United States, which requires that the Settlement be recommended and approved by (i) counsel of record for the United States, (ii) the Department of Justice, Tax Division's Office of Review, and (iii) the Office of the Associate Attorney General of the United States (the "Associate's Office").  Counsel of record for the United States has submitted a memorandum recommending acceptance of the proposed Settlement to the Office of Review.  Once the Office of Review completes its review of the proposed settlement, the proposed settlement will be transmitted to the Associate's Office.  The Department of Justice is not committed to a settlement until final approval by the Associate's Office.  As such, this Motion only seeks authorization on behalf of the Reorganized Debtor with respect to the Settlement and is not intended to bind the United States unless and until final approval is provided by the Associate's Office.  Accordingly, any further references in this Motion to the agreement of the United States is only meant to reflect the recommendation of counsel of record for the United States, and it not yet a binding position of the United States.  The Reorganized Debtor is submitting this Motion concurrently with the United States' continuing approval process in order to avoid unnecessary further delay in the entry of an order on the ERTC Motions.

Plan Administrator Approval

16.     Given the role of Angela Shortall as the Plan Administrator, Golden Key sought her consent and approval of the settlement, and she has so consented and agreed.

---

[1]  A deduction was also taken each quarter of approximately $5,600 for an employee's wages who the United States determined did not qualify to be included within the ERTC.

<u>Legal Analysis</u>

17.     Pursuant to § 5.2.2 of the Plan, the Reorganized Debtor "may prosecute, defend, enforce, abandon, settle or release any or all Claims and Causes of Action as it deems appropriate without the need to obtain approval or any other or further relief from the Bankruptcy Court."

18.     Rule 9019(a) of the Bankruptcy Rules, which governs the approval of compromises and settlements, provides in pertinent part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Bankruptcy Rule 9019(a).

19.     Pursuant to Bankruptcy Rule 9019(a), the Court may approve a settlement and compromise after notice if such settlement and compromise is "fair and equitable" and in the best interest of the estate.  *See generally, U.S. ex. rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001); *In re Essex Constr., LLC,* 575 B.R. 648 (Bankr. Md. 2017). Courts in this district have held that a determination whether to approve a settlement must involve consideration of the following factors:

> (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and (d) the paramount interest of the creditors and a proper deference to their reasonable views.

*Oncology Associates*, 269 B.R. at 149-50 (*citing Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, et al.*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1968)); *see also Essex*, 575 B.R. at 652-53.  Observing that settlements are to be encouraged rather than discouraged, the Court in *Oncology Associates* determined that a settlement may be approved unless the settlement "falls below the lowest point in the range of reasonableness".  *Oncology Associates*, 269 B.R. at 149 (*quoting W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied sub nom., 464 U.S. 822, 104 S. Ct. 89 (1983)); *In re Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

20.     In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

educated estimate of the complexity, expense and likely duration
of [any] litigation, the possible difficulties of collecting on any
judgment which might be obtained, and all other factors relevant to
a full and fair assessment of the wisdom of the proposed
compromise.  Basic to this process, in every instance, of course, is
the need to compare the terms of the compromise with the likely
rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 424-25 (1968).

21.     Compromises are favored by bankruptcy courts.  *See In re Sassalos*, 160

B.R. 646, 653 (D. Or. 1993) ("compromises are favored in bankruptcy, and the decision of the

bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the

judge.").  The settlement of time-consuming and burdensome litigation, especially in the

bankruptcy context, is encouraged.  *In re Penn Cent. Transp. Co.*, 596 F.2d 1002, 1113 (3d Cir.

1979) ("in administering reorganization proceedings in an economical and practical manner, it

will often be wise to arrange the settlement of claims as to which there are substantial and

reasonable doubts") (*quoting In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc.*

*v. Anderson*, 390 U.S. 414, 424 (1968)).

22.     In making its determination, the Court should consider whether the

proposed compromise is in the "best interest of the estate."  *Depo*, 77 B.R. at 383.  As stated in

*Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's

sound discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (S.D. Fla. 1988).  In passing upon a

proposed settlement, "the bankruptcy court does not substitute its judgment for that of the

Trustee [or debtor in possession]."  *Depo*, 77 B.R. at 384 (citations omitted).  Nor is the

bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but

rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the

range of reasonableness."  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.

1983), cert denied, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.

1972), cert denied, 409 U.S. 1039 (1972)).

23.     After extensive discussions and negotiations, a Settlement in principle has

been reached, subject to Court approval (and the further approval of the United States), between

the Parties.  The Parties have examined all facts present and have agreed to settle the ERTC

Refund Claims to avoid the expense and risks of potential litigation.  The Parties submit that

proceeding with the trial on a contested matter on the ERTC Refund Claims would be costly, time intensive and distracting to efforts to maximize business operations for the benefit of creditors. Moreover, while the Reorganized Debtor believes in the accuracy of the claims, the outcome is not yet determined or certain. Importantly, the Settlement resolves the United States' objections to the ERTC Refund Claims and avoids the need for further amended tax filings and payments for the Reorganized Debtor and its shareholders. Golden Key believes that a 20% reduction of the claims is a fair and appropriate credit for those savings. Angela Shortall has also been consulted on this and agrees.

24.     Furthermore, any perceived reduction in distributions to creditors under the Plan as a result of accepting a settlement of 80% of the claimed ERTC is substantially offset by the fact that the Settlement's waiver of the need to amend tax returns in connection with the ERTC makes it so that the Reorganized Debtor would not have any obligation to "make a distribution to equity members to address the tax ramifications of the ERTC" as provided for in § 5.2.3 of the Plan.

25.     In the exercise of its business judgment, the Reorganized Debtor has considered the relative merits of the claims and defenses in connection with the Settlement Agreement and asserts that the Settlement Agreement satisfies each of the criteria outlined above and is fair and reasonable and in the best interest of its bankruptcy estate. The Settlement Agreement resolves all claims, demands and causes of action between the Parties relating to the ERTC Motions, avoids the expense and risk inherent in any potential litigation, and will significantly improve the amount of funds available for distribution to creditors. The settlement terms are fully identified and contained in the Settlement Agreement attached to the Motion as Exhibit 1.

26.     Given the requirements of Fed.R.Bankr.P. 2002(a), parties in interest are allowed 21 days' notice of any hearing on this proposed settlement, "unless the court for cause shown directs that notice not be sent". Notice to creditors of this Motion has been sent upon its filing. The Reorganized Debtor asserts that such notice of the Settlement (without a notice of a hearing and opportunity for hearing) is more than adequate. The Reorganized Debtor further asserts that cause exists for the Court to rule on the papers and not provide a notice of a hearing

as the subject matter of the settlement because the clarity of the applicable standard for approval and the ability of any party to set forth their concerns in a written objection are sufficient under these circumstances for the Court to issue a ruling. As noted in 11 U.S.C. § 102, "after notice and a hearing" provides the Court with the discretion under the circumstances to rule without a hearing if no party requests a hearing or "there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act". The Reorganized Debtor requests that the Court address this matter promptly in order to promote judicial economy and avoid any delay in the scheduled matters set in this case. This matter will be ripe without objection on **April 21, 2025**, and the United States consents to the entry of the attached proposed Order.

27.     If an Order approving this Motion is entered, and the Associate's Office has approved the Settlement, the Parties intend to promptly submit an Order to this Court resolving the ERTC Motions.

28.     Accordingly, and based on the foregoing, it is requested that the Court approve the Settlement Agreement on the terms and condition set forth therein.

<u>Notice</u>

29.     In accordance with Fed.R.Bankr.P. 2002 and 9019, notice of this Motion has been sent to the following parties or to their counsel, if known: (a) the United States; (b) the Internal Revenue Service; (c) the United States Attorney for the State of Maryland; (d) the Attorney General for the United States; (e) the Office of the United States Trustee; (f) all parties that have requested service of pleadings pursuant to Bankruptcy Rule 2002; and (g) pursuant to the Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Bankruptcy Rules 2002(m) and 9007 to Establish Noticing Procedures [Dkt. # 40], all parties and creditors identified on the attached Master Service List. The Reorganized Debtor requests that this service be deemed adequate and complete under the circumstances and that any further notice of the Motion or of the relief requested herein be dispensed with and waived.

30.     Pursuant to Local Bankruptcy Rule 9013-2, no memorandum of law in support of this Motion will be filed, and the Reorganized Debtor will rely solely upon the Motion.

WHEREFORE, for the reasons set forth above, the Reorganized Debtor requests entry of an order approving the settlement and granting such other and further relief as the Court deems just and appropriate.

                                      /s/ Paul Sweeney
                                      Paul Sweeney, 07072
                                      Jonathan A. Grasso, 19278
                                      YVS Law, LLC
                                      185 Admiral Cochrane Drive, Suite 130
                                      Annapolis, Maryland  21401
                                      (443) 569-5972
                                      psweeney@yvslaw.com

                                      Counsel for Reorganized Debtor

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March 2025, notice of filing the Motion for Approval of Settlement Agreement with the United States (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list; and a copy of the Motion was mailed first class, postage prepaid and/or sent by electronic mail to the following parties or to their counsel, if known:  (a) the United States; (b) the Internal Revenue Service; (c) the United States Attorney for the State of Maryland; (d) the Attorney General for the United States; (e) the Office of the United States Trustee; (f) all parties that have requested service of pleadings pursuant to Bankruptcy Rule 2002; and (g) pursuant to the Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Bankruptcy Rules 2002(m) and 9007 to Establish Noticing Procedures [Dkt. # 40], all parties and creditors identified on the attached Master Service List.

                                      /s/ Paul Sweeney
                                      Paul Sweeney

**The following parties received a copy of the filing by email and/or first class mail:**

Internal Revenue Service
P. O. Box 7346
Philadelphia, Pennsylvania  19101-7346

Internal Revenue Service
Attn: Audrey Nore, Bankruptcy Specialist
31 Hopkins Plaza, Room 1150
Baltimore, Maryland  21201
audrey.d.nore@irs.gov

Phil Selden, Acting U.S. Attorney
United States Attorney's Office
6406 Ivy Lane Suite 800
Greenbelt, Maryland  20770

United States Attorney's Office
Attention: Civil Process Clerk
6406 Ivy Lane Suite 800
Greenbelt, Maryland  20770

Pamela Bondi, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C.  20530

Kristina Portner, Esquire
(kristina.m.portner@usdoj.gov)
DOJ-Tax
P. O. Box 227
Ben Franklin Station
Washington, D.C.  20044

Kieran O. Carter, Esquire
(kieran.o.carter@usdoj.gov)
DOJ-Tax
P. O. Box 227
Ben Franklin Station
Washington, D.C.  20044

**The following parties received a copy of the filing by electronic mail:**

A/R Funding, Inc.
126 Millport Circle, Suite 100
Greenville, South Carolina  29607
pjefferson@milesstockbridge.com
kgilbert@arfunding.com
gfarr@arfunding.com

American Express
Correspondence/Bankruptcy
P. O. Box 981540
El Paso, Texas  79998
amexsru@aexp.com
jkatz@becket-lee.com

CIT Bank, N.A.
10201 Centurion Parkway North,
Suite 100
Jacksonville, Florida  32256
CLS-CTLS_Glendale_Customer_Service@
wolterskluwer.com

CJSeto Support Services, LLC
2300 Knoll Drive, Unit G
Ventura, California  93003
kimberly.paurazas@cjseto.com

Communication Technologies, Inc.
11710 Plaza America Drive Suite 2000
Reston, Virginia  20190
jfergus@comtechnologies.com
etolchin@offitkurman.com
smetz@offitkurman.com

CornerBrooke, LLC
Attn:  John A. Potts
P. O. Box 7183
Arlington, Virginia  22207
john.potts@cornerbrooke.com

County of Fairfax
12099 Government Center Pkwy,
3rd Floor
Fairfax, Virginia  22035
doffact@fairfaxcounty.gov

Creative Thinking LLC
3279 Avenham Avenue SW
Roanoke, Virginia  24014
patrick@creativethinkingllc.com

CRS Commerce Center, LC
CMC III Depository
1886 Metro Center Drive, Suite 400
Reston, Virginia  20190
tsteffan@comstockcompanies.com
jtoor@comstock.com
rdemchak@comstock.com

Echo Origin, LLC
203 Harrison Street, Suite H
Leesburg, Virginia  20175
info@echoorigin.com

Forty Au, LLC
4501 Charlotte Avenue
P. O. Box 90124
Nashville, Tennessee  37209
info@fortyau.com

KAA Federal Solutions
13800 Coppermine Road, 1st Floor
Herndon, Virginia  20171
tvigotsky@kaafederal.com

Knowledge Bank, Inc.
107 Wirt Street, NW
Leesburg, Virginia  20176
kantler@knowledgebank.us.com

Libertas Funding LLC
411 West Putnam Avenue, Suite 220
Taftville Connecticut  06380
jcianciulli@wgpllp.com
randy.saluck@libertasfunding.com
jessica.patrovic@libertasfunding.com

Lindholm & Associates, Inc.
1225 Hollidge Road
Lusby, Maryland  20657
meganrose@lindholm-associates.com

M&T Bank
Legal Document Processing
626 Commerce Drive
Buffalo, New York  14228
camanagement@mtb.com

Management Concepts, LLC
8230 Leesburg Pike, Suite 800
Vienna, Virginia  22182
billingdepartment@
managementconcepts.com

Manpower Group Public Sector, Inc.
6400 Arlington Boulevard, Suite 300
Falls Church, Virginia  22042
contracts@mpgpublicsector.com

OBAN Corporation
8300 Boone Boulevard, Suite 500
Vienna, Virginia  22182
mzeboldbell@oban-corp.com

Peraton Inc.
12975 Worldgate Drive
Herndon, Virginia  20170-6008
graham.holmes@peraton.com

Snowbird Consulting Group
294 M Street, SW
Washington, D.C.  20024
contact@snowbirdconsultinggroup.com

Sorrells Advisory Group, LLC
1105 Eventide Boulevard
Wilmington, North Carolina  28411
dannytsorrells@yahoo.com

SouthBank Legal
Attn: David A. Temeles, Jr., Esquire
100 E Wayne Street, Suite 300
South Bend, Indiana  46601
dtemeles@southbank.legal

Lynn A. Kohen, Esquire
(lynn.a.kohen@usdoj.gov)
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland  20770

Patricia B. Jefferson, Esquire
(pjefferson@milesstockbridge.com)
Counsel for AR Funding
Miles & Stockbridge P.C.
100 Light Street, 10th Floor
Baltimore, Maryland  21202

Kevin C. Gilbert, Executive Vice President
Credit Administration
(kgilbert@arfunding.com)
Associated Receivables Funding, Inc.
126 Millport Circle
Greenville, South Carolina  29607

Gordon W. Farr, Executive Vice President
Business Development
(gfarr@arfunding.com)
Associated Receivables Funding, Inc.
126 Millport Circle
Greenville, South Carolina  29607

Jeffrey S. Cianciulli, Esquire
(jcianciulli@wgpllp.com)
Counsel for Libertas Funding
Weir Greenblatt Pierce LLP
1339 Chestnut Street, Suite 500
Philadelphia, Pennsylvania  19107

Randy Saluck, Chief Executive Officer
(randy.saluck@libertasfunding.com)
Libertas Funding LLC
411 West Putnam Avenue, Suite 220
Greenwich, Connecticut  06830

Jessica Patrovic
(jessica.patrovic@libertasfunding.com)
Libertas Funding LLC
411 West Putnam Avenue, Suite 220
Greenwich, Connecticut  06830

Samuel C. Wisotzkey, Esquire
(swisotzkey@kmksc.com)
Counsel for Manpower Group
Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Milwaukee, Wisconsin  53212

Stephen K. Gallagher, Esquire
(skgallagher@venable.com)
Counsel for Peraton Inc.
Venable LLP
1850 Towers Crescent Plaza, Suite 400
Tysons, Virginia  22182

Janet M. Nesse, Esquire
(jnesse@mhlawyers.com)
Counsel for Lindholm & Associates
McNamee Hosea Jernigan Kim Greenan
& Lynch, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770

Megan Rose
Lindholm & Associates, Inc.
1225 Hollidge Road
Lusby, Maryland  20657
meganrose@lindholm-associates.com

Jeffrey M. Orenstein, Esquire
(jorenstein@wolawgroup.com)
Counsel for Communication Technologies
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland 20850

Kevin M. O'Donnell, Esquire
(kmo@henrylaw.com)
Counsel for Strategic Consulting Team
Henry & O'Donnell, P.C.
300 North Washington Street, Suite 204
Alexandria, Virginia  22314

Justin P. Fasano, Esquire
(jfasano@mhlawyers.com)
Counsel for Lindholm & Associates
McNamee Hosea Jernigan Kim Greenan
& Lynch, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770

Brent C. Strickland, Esquire
(bstrickland@wtplaw.com)
Counsel for Creditors' Committee
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland  20850

Christopher A. Jones, Esquire
(cajones@wtplaw.com)
Counsel for Creditors' Committee
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia  22042

Ed Gezel, Agent
(notices@bkservicing.com)
BK Servicing, LLC (Daimler Trust)
P. O. Box 131265
Roseville, Minnesota  55113-0011

John Gordon, President
(jgordon@polingerco.com)
Polinger Development Company
7700 Wisconsin Avenue, Suite 600
Bethesda, Maryland  20814

John C. Decker II, Esquire
(the.decks@verizon.net)
Counsel for SDL Consulting, Inc.
5207 Dalby Lane
Burke, Virginia 22015

Angela L. Shortall, Plan Administrator
(ashortall@3cubed-as.com)
3Cubed Advisory Services, LLC
348 Thompson Creek Mall, Suite 339
Stevensville, Maryland  21666

**The following parties received
CM/ECF notice of the filing:**

Corinne Donohue Adams, Esquire
(cadams@yvslaw.com)
Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Emily Devan, Esquire
(edevan@milesstockbridge.com)
Counsel for AR Funding
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland  21202

Patricia B. Jefferson, Esquire
(pjefferson@milesstockbridge.com)
Counsel for AR Funding
Miles & Stockbridge P.C.
100 Light Street
Baltimore, Maryland  21202

Michael J. Lichtenstein, Esquire
(mjl@shulmanrogers.com)
Counsel for ManpowerGroup
Shulman Rogers Gandal Pordy & Ecker
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland  20854

Janet M. Nesse, Esquire
(jnesse@mhlawyers.com)
Counsel for Lindholm & Associates
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770

Brent C. Strickland, Esquire
(bstrickland@wtplaw.com)
Counsel for Creditors' Committee
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland  20850

Samuel C. Wisotzkey, Esquire
(swisotzkey@kmksc.com)
Counsel for Manpower Group
Kohner, Mann & Kailas, S.C.
4650 North Port Washington Road
Milwaukee, Wisconsin  53212

Addison J. Chappell, Esquire
(achappell@milesstockbridge.com)
Counsel for AR Funding
Miles & Stockbridge P.C.
100 Light Street, 7th Floor
Baltimore, Maryland  21202

Justin Philip Fasano, Esquire
(jfasano@mhlawyers.com)
Counsel for Lindholm & Associates, Inc.
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland  20770

Nicole C. Kenworthy, Esquire
(bdept@mrrlaw.net)
Counsel for Prince George's County
Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland  20737-1385

Rodney Morris, Esquire
(rodney.morris2@usdoj.gov)
U.S. Department of Justice, Civil Division
1100 L Street NW, Room 10004
Washington, D.C.  20005

Jeffrey M. Orenstein, Esquire
(jorenstein@wolawgroup.com)
Counsel for Communication Technologies
Wolff, & Orenstein, LLC
15245 Shady Grove Road
North Lobby, Suite 465
Rockville, Maryland 20850

Paul Sweeney, Esquire
(psweeney@yvslaw.com)
Counsel for Debtor
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

John C. Decker II, Esquire
(the.decks@verizon.net)
Counsel for SDL Consulting, Inc.
5207 Dalby Lane
Burke, Virginia 22015

Stephen K. Gallagher, Esquire
(skgallagher@venable.com)
Counsel for Peraton Inc.
Venable LLP
1850 Towers Crescent Plaza, Suite 400
Tysons, Virginia  22182

Lynn A. Kohen, Esquire
(lynn.a.kohen@usdoj.gov)
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland  20770

David S. Musgrave, Esquire
(dmusgrave@gfrlaw.com)
Counsel for FMP Consulting
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland  21202

Kristina Portner, Esquire
(kristina.m.portner@usdoj.gov)
DOJ-Tax
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044

U.S. Trustee – Greenbelt
(ustpregion04.gb.ecf@usdoj.gov)
6305 Ivy Lane, Suite 600
Greenbelt, Maryland  20770